## Bebelheimer v. Minnig.    Minnig v. Bebelheimer.

*Practice, C. P.—Set-off—Torts—Acts of Jan. 12, 1705, and May 14, 1915.*

1. Set-off and counter-claim did not exist at common law.

2. Set-off is founded upon the Act of Jan. 12, 1705, 1 Sm. Laws, 49, but under the act is confined to actions on contracts.

3. There is nothing in the Practice Act of May 14, 1915, P. L. 483, or other legislation, that permits set-off or counter-claim to be pleaded in an action of tort.

Trespass for negligence. C. P. Schuylkill Co., March T., 1923, Nos. 286 and 358.

*A. D. Knittle,* for Bebelheimer; *Joseph A. Noecker,* for Minnig.

BECHTEL, P. J., April 22, 1923.—These cases arise out of a collision between Bebelheimer's team of six horses, hitched to a wagon loaded with timber, and Minnig's limousine touring car. In each case the plaintiff filed a declaration, and in each case the defendant filed an affidavit of defence, and in each affidavit of defence the defendant alleged that the plaintiff's negligence was the cause of the collision and claimed damages from the plaintiff by way of set-off. In each case thereupon the plaintiff filed a plaintiff's reply, and in each plaintiff's reply it is set forth that the defendant is not entitled to file the counter-claim to the plaintiff's statement of claim.

The question of law so raised has been argued before the court and is now before us for disposition. We find ourselves in the anomalous position of each one of the parties to these suits, in turn, claiming set-off, and each one, in turn, denying the right of the other to make such a claim. The question naturally arises that if Minnig cannot claim a set-off from Bebelheimer in his suit, how can Bebelheimer claim a set-off from Minnig in his, and since each one claims that the other has no right to the set-off, it seems to us that it would naturally follow that they agree upon this as a legal proposition.

However, we do not propose to decide the case upon this proposition. Set-off and counter-claim did not exist at common law and is founded entirely on statute. The Act of Jan. 12, 1705, 1 Sm. Laws, 49, is the first legislation in this State upon this subject. By its very terms the act is confined to actions arising out of contract, and the decisions of the courts construing it have restricted its application to such cases. In one of the leading cases upon this subject the Supreme Court say: "Undertaking at present to draw the line which limits the right of defalcation, it may be safely affirmed that defalcation is not permitted by reason of any demand against the plaintiff for an act done by him of a tortious nature:" Gogel v. Jacoby, 5 S. & R. 117.

In Heck v. Shener, 4 S. & R. 248, the doctrine was reiterated in the following language: "Our act of assembly authorizing a set-off is expressed in more extensive terms than the British statute; but it has been settled that it does not comprehend matters of a tortious nature."

To the same effect is Hunt v. Gilmore, 59 Pa. 450. The Practice Act of May 14, 1915, P. L. 483, does not change the existing law relative to this subject. The section relating to set-off and counter-claim, being section 14 of the act, is specifically limited to actions of *assumpsit*, which, by implication, would lead to the conclusion that it was not the intention of the legislature to make provision for set-off or counter-claim in actions of trespass. This subject has been exhaustively considered and the same conclusion reached in the cases of Brown v. Syostek, 2 D. & C. 431, and Shrum v. Carcase, 2 D. & C. 686. We are not unmindful of the case of Shoemaker v. Myers, 30 Dist. R. 240, in which the court of Franklin County reaches the conclusion that set-off may be pleaded as in this case. We feel, however, after a careful analysis of that opinion, that it confuses the pleading of a set-off and the offering in evidence of such a claim by way of defence in attacking the consideration. It has been held, for instance, that where a machinist sues for wages, the defendant can set off against the claim damages resulting from the unskillful manner in which the plaintiff performed his work. It is pointed out, however, that this is permissible, because an unskillful and negligent performance of the work would be a breach of the contract, and that when the employer is sued for wages earned under the contract, he can defend by showing a failure on the part of the servant to properly perform it, it not being a question of set-off, but an equitable defence growing out of the contract itself and going directly to its consideration.

It seems to us that this is the distinguishing feature between cases wherein set-off of a tortious nature has been permitted to be introduced into evidence to defeat plaintiff's action and where it has not been permitted to be pleaded as a set-off. We have, therefore, reached the conclusion that there exists no right of set-off or counter-claim in actions of tort in this State.

It is ordered, adjudged and decreed that the question of law raised by the plaintiff's reply is herewith sustained, and that the portions of the affidavit of defence filed in each of the above cases which undertake to state a set-off be stricken from the record.　　　　From M. M. Burke, Shenandoah, Pa.